IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **WINSTON LEWIS** | § | |
| | § | |
| v. | § | NO. 1:12-cv-310 |
| | § | |
| **MATT ASHBY**, *Sergeant of Chambers* | § | |
| *County Sheriff Office* | § | |

## MEMORANDUM OPINION REGARDING VENUE

The above-styled action was referred to the undersigned United States magistrate judge for all pretrial matters pursuant to 28 U.S.C. § 636 and General Order 05-07. *Pro se* Plaintiff Winston Lewis brings this civil rights action pursuant to 42 U.S.C. § 1983. Lewis complains that Defendant Matt Ashby subjected Lewis to cruel and unusual punishment during a traffic stop in Chambers County, Texas, in 2010.

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. Jones v. Bailey, 58 F.R.D. 453 (N.D. Ga. 1972), aff'd per curium, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendant resides or in which the claim arose. Lewis's claim arose in Chambers County in Anahuac, Texas. Further, the Defendant is employed at the Chambers County Sheriff's Office. When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties, which in this case is Chambers County, Texas. Holloway v. Gunnell, 685 F.2d 150 (5th Cir. 1982); Lowrey v. Estelle, 433 F.2d 265 (5th Cir. 1976).

Pursuant to 28 U.S.C. § 124, Chambers County is in the Galveston Division of the Southern District of Texas. As Chambers County is located in the Southern District of Texas, venue in the Eastern District of Texas is not proper.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This case should be transferred to the Southern District of Texas. An appropriate order so providing will be entered by the undersigned.

SIGNED this 2nd day of July, 2012.

_____
Zack Hawthorn
United States Magistrate Judge